# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jethro Heiko, Chelsea            :
Thompson-Heiko, and Edward Verrall, :
              Appellants    :
                      :
         v.            :  No. 1722 C.D. 2014
                      :  Argued:  October 6, 2015
Philadelphia Zoning Board of    :
Adjustment and Core Equity IV, L.P.  :

BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ANNE E. COVEY, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED:  October 30, 2015**

        Jethro Heiko, Chelsea Thompson-Heiko, and Edward Verrall (collectively, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court), which affirmed the order of the Philadelphia Zoning Board of Adjustment (ZBA), granting Core Equity IV, L.P.'s (Core) petition for a dimensional variance and special exception pertaining to a property located at 33-51 Laurel Street, Philadelphia, Pennsylvania.  For the reasons discussed below, we affirm.

        The trial court's order at issue in this case was one of four interrelated rulings issued on the same day, each of which concerned properties covered by a single Plan of Development (POD) known as the Canal Street North Project (Canal Project).  The Canal Project consists of six properties, four of which are the subjects of separate appeals:  1000 Frankford Avenue (Frankford Property),

33-51 Laurel Street (Laurel Property), 29-45 Poplar Street (Poplar Property), and 1106-1128 North Delaware Avenue (Delaware Property).[1] Although each property is managed by a separate entity, all of the properties are owned by the same developer, Michael Samschick.

The Canal Project centers on the Frankford Property and the Ajax Building located therein. It is the largest piece of the proposed development and encompasses the following proposed uses: (1) a 3,000-person capacity Live Nation concert venue, consisting of a two-story space with a stage at one end, open areas in the middle, and seating around the second tier; (2) a two-story bowling alley and restaurant (sports restaurant) with twenty bowling lanes and bocce courts; (3) a distillery, manufacturing small-batch vodka, gin, and spirits, with administrative offices and a small tasting room; (4) two proposed retail spaces and administrative offices; and (5) a second restaurant, located on the ground level and facing the Delaware River (first-floor restaurant).

Located across the street from the Ajax Building, the Laurel Property contains the Dry Ice Building. Core plans to renovate the Dry Ice Building to be used as a country-western restaurant, Toby Keith's I Love This Bar and Grill (Western Grill).

Core submitted applications to the Department of Licenses & Inspections (L&I) for zoning/use permits for the renovation of the Dry Ice Building. L&I issued refusals for each application, noting that the proposed uses

---

[1] The related appeals are docketed as follows: *Heiko v. Philadelphia Zoning Board of Adjustment*, No. 1610 C.D. 2014 (Frankford Property); *Heiko v. Philadelphia Zoning Board of Adjustment*, No. 1611 C.D. 2014 (Poplar Property); and *Heiko v. Philadelphia Zoning Board of Adjustment*, No. 1612 C.D. 2014 (Delaware Property).

were not permitted under the Philadelphia Zoning Code (Zoning Code). L&I cited a lack of parking and bicycle spaces, as required under Sections 14-802 and 14-802(7)(c)(.1) of the Zoning Code, and the need for a special exception for the Western Grill under Section 14-503(8)(b)(.2) of the Zoning Code for the refusal of the Laurel Property permits.

Following correspondence from Appellants, Jeanne Klinger, L&I's Code Administrator, issued a memorandum titled "Correction of Refusal," which clarified and modified the original refusal, in pertinent part, by requiring 892 parking spaces for the entire Canal Project. Ms. Klinger also refused to change the designation of the Western Grill from a sit-down restaurant to a nightclub, because the Western Grill would be used primarily as a sit-down restaurant and would only occasionally have live music.

The ZBA held two hearings on the Canal Project. Core argued that the Western Grill only required a special exception, because its main use was a sit-down restaurant. The ZBA granted Core's appeal, with the proviso that Core acquires at least 500 parking spaces. The ZBA's approval of the Canal Project included: (1) the granting of a dimensional variance regarding the overall number of parking spaces; and (2) the granting of a special exception for the Western Grill.

Appellants appealed the ZBA's decision to the trial court, arguing that: (1) the ZBA lacked sufficient evidence to grant the variance and special exception; (2) the Canal Project would harm the public, increase traffic congestion and create excessive crime in the neighborhood; (3) categorizing the Western Grill as a sit-down restaurant rather than a "nightclub" constituted an error of law; and (4) the 500-space parking requirement constitutes an excessive dimensional variance that is beyond the authority of the ZBA to grant.

3

The trial court denied Appellants' appeal, holding that the ZBA did not commit an error of law and that the record contained substantial evidence to support the granting of the variance and special exception. The trial court explained that the ZBA did not err in categorizing the Western Grill as a sit-down restaurant and that the dimensional variance for parking was supported by substantial evidence. The trial court likewise concluded that the special exception was supported by substantial evidence. Finally, the trial court noted that the ZBA did not violate Appellants' due process rights by conditioning the approvals on Core's ability to acquire 500 parking spaces.

On appeal[2] to this Court, Appellants argue that the ZBA erred in concluding that the Western Grill was not a nightclub, and, therefore, the ZBA lacked the authority to grant the dimensional variance for parking. Appellants further argue that the ZBA's grant of the special exception was not supported by substantial evidence and that the ZBA violated Appellants' due process rights by conditioning the approvals on Core's ability to acquire 500 parking spaces.

This Court agrees with the trial court's decision and further concludes that the opinion of the Honorable Ellen Ceisler, issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), thoroughly discusses and properly disposes of the arguments raised on appeal to this Court. As such, we adopt the analysis in her opinion, filed February 9, 2015, for the purposes of appellate review. Accordingly, we affirm the trial court's order on the basis of the attached Rule

[2] When, as here, the trial court accepts no additional evidence in a zoning appeal, our review is limited to considering whether the ZBA erred as a matter of law or abused its discretion. *Singer v. Phila. Zoning Bd. of Adjustment*, 29 A.3d 144, 148 n.1 (Pa. Cmwlth. 2011).

4

1925(a) opinion issued in *Heiko v. Philadelphia Zoning Board of Adjustment*, Philadelphia County, No. 130603511, filed February 9, 2015.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jethro Heiko, Chelsea : 
Thompson-Heiko, and Edward Verrall, : 
Appellants : 
 : 
v. : No. 1722 C.D. 2014
 : 
Philadelphia Zoning Board of : 
Adjustment and Core Equity IV, L.P. : 

## O R D E R

AND NOW, this 30th day of October, 2015, the order of the Court of Common Pleas for Philadelphia County, dated August 15, 2014, affirming the order of Philadelphia Zoning Board of Adjustment, is hereby AFFIRMED. This Court adopts the analysis of the Honorable Ellen Ceisler, issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), in *Heiko v. Philadelphia Zoning Board of Adjustment*, Philadelphia County, No. 130603511, filed February 9, 2015.

_____
P. KEVIN BROBSON, Judge